**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**PAULINE GUARNIERI,**
as Administrator of the Estate
of Samuel White**,**
                                    **Plaintiff,**                     **3:18-cv-237**
                                                                        **(GLS/DEP)**

                        **v.**

**EDGAR SCUDDER et al.,**

                        **Defendants.**

_____

## <u>SUMMARY ORDER</u>

Plaintiff Pauline Guarnieri filed this action on February 23, 2018,

alleging that defendants Edgar Scudder and Jeffrey Whitmore violated her

son's civil rights when their actions removed him from constant supervision

at the Herkimer County Correctional Facility and he subsequently

attempted suicide.[1]  (Compl., Dkt. No. 1.)  On May 25, 2018, defendants

moved to dismiss the complaint on the basis that Guarnieri's claims are

---

[1] Specifically, Guarnieri brings a 42 U.S.C. § 1983 claim against
Scudder and Whitmore based on deliberate indifference to serious
medical needs in violation of the Eighth and Fourteenth Amendments,
(Compl. ¶¶ 39-43), as well as a § 1983 claim against Scudder based on
his implementation of unconstitutional policies and practices, failure to
implement policies to avoid constitutional violations, and/or failure to train
and supervise employees in violation of the Eighth and Fourteenth
Amendments, (_id._ ¶¶ 44-48).

time-barred.  (Dkt. No. 11.)  In response, Guarnieri requested leave to

amend her complaint, pursuant to Fed. R. Civ. P. 15(a)(2), to include

factual allegations designed to demonstrate timeliness or equitable tolling.

(Dkt. Nos. 15-17.)  For the following reasons, defendants' motion, (Dkt. No.

11), is denied with leave to renew and Guarnieri's motion, (Dkt. No. 15), is

granted.

On February 18, 2015, Whitmore conducted a mental health

evaluation of Guarnieri's son, Samuel White, and decided to switch him

from constant supervision status to general supervision status.[2]  (Compl.

¶¶ 14, 24.)  As such, White was subjected to check-ups every thirty

minutes from correctional officers, instead of around-the-clock supervision.

(*Id.* ¶ 24.)  Four days later, White was found hanging in his cell.  (*Id.* ¶ 33.)

He was transported to the hospital, where he eventually died on February

26, 2015.  (*Id.* ¶¶ 7, 33.)  Defendants convincingly argue that Guarnieri's

---

[2] The complaint does not allege any direct contact between White and Scudder, but instead alleges that Scudder, as Director of Community Services of the Herkimer County Department of Mental Health, was "responsible for implementing policies, procedures, and training regimens, and for otherwise supervising his subordinates" as well as "supervising the mental health care, and for reviewing, on a daily basis, all mental health evaluations done at the jail, including those done by . . . Whitmore." (Compl. ¶¶ 5, 9.)

2

§ 1983 claims accrued on February 18, 2015—because that was the last date that defendants had any personal involvement with White—and Guarnieri filed this action more than three years later, outside the applicable statute of limitations period.  (*See generally* Dkt. No. 11, Attach. 2.)  In response, Guarnieri concedes that, absent her proposed amendments, her claims would be barred.  (Dkt. No. 17 at 1, 6.)

Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires."  Barring "futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party," leave should generally be granted.  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Guarnieri argues that the allegations she seeks to add to her complaint, (Dkt. No. 16, Attach. 1 at 11), trigger equitable tolling under the "discovery rule" and "fraudulent concealment," (Dkt. No. 17 at 2-4).  Based on these new allegations, Guarnieri asserts that "at the earliest, the [s]tatute of [l]imitations began to run on the date she was informed of . . . White's [attempted] suicide," but "the date of accrual for the

commencement of the [s]tatute of [l]imitations under Federal law is actually

much later." (*Id.* at 2.)  On the other hand, defendants argue that allowing

Guarnieri to amend her complaint would be futile because "the proposed

Amended Complaint fails to adequately plead any of the elements required

to invoke the doctrine of fraudulent concealment."  (Dkt. No. 20, Attach. 2

at 7.)

First, Guarnieri conflates the "discovery rule" with equitable tolling,

(Dkt. No. 16 ¶ 6; Dkt. No. 17 at 2-3), and defendants do not even address

the discovery rule in their reply, (*see generally* Dkt. No. 20, Attach. 2).  *See*

*Pearl v. City of Long Beach*, 296 F.3d 76, 80-85 (2d Cir. 2002) (describing

confusion between tolling and accrual of § 1983 claims).  To be sure, the

discovery rule refers to the federal rule applied by courts in the § 1983

context whereby claims accrue "when the plaintiff knows or has reason to

know of the injury which is the basis of his action."  *Hogan v. Fischer*, 738

F.3d 509, 518 (2d Cir. 2013); *see Connolly v. McCall*, 254 F.3d 36, 41 (2d

Cir. 2001).  In contrast, the doctrine of equitable tolling allows a court,

"under compelling circumstances," to "make narrow exceptions to the

statute of limitations in order to prevent inequity."  *In re U.S. Lines, Inc.*,

318 F.3d 432, 436 (2d Cir. 2003).  This doctrine is reserved for "rare and

4

exceptional" circumstances.  *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.

2000) (internal quotation mark and citation omitted).

Given that Guarnieri brings this action as administratrix of White's

estate, she has standing to assert these civil rights claims only in her son's

name.  *See Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1982);

N.Y. Est. Powers & Trusts Law § 11-3.2(b).  As such, the court is skeptical

that the allegation that she did not learn of his suicide attempt until

February 23, 2015, (Dkt. No. 16, Attach. 1 ¶ 36), moves the accrual date of

the § 1983 claims that she brings on behalf of her son.  It seems that the

only allegation relevant to ascertain an accrual date here is the date that

*White* knew of the injury that forms the basis of these § 1983

claims—which, based on defendants' original arguments, (Dkt. No. 11,

Attach. 2 at 5-7), would make the claims untimely.  However, defendants

focus solely on equitable tolling and do not address whether Guarnieri's

allegation regarding discovery of her son's suicide attempt, (Dkt. No. 16,

Attach. 1 ¶ 36), would move the accrual date to February 23, 2015 so as to

make the claims timely, (*see generally* Dkt. No. 20, Attach. 2).  For that

reason, the court is reluctant, without further elucidation by defendants, to

dismiss Guarnieri's claims as time barred.  Thus, in an abundance of

caution, defendants' motion is denied with leave to renew. As such,

insofar as Guarnieri's new allegations arguably move the accrual date to

February 23, 2015, her motion to amend is not futile.

That being said, if defendants can convincingly argue that the accrual

date was not moved to February 23, 2015 based on Guarnieri's proposed

amendments, the doctrine of equitable tolling would not save Guarnieri's

otherwise time-barred claims.

> When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.

*Zerilli–Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003)

(internal quotation marks and citation omitted). "The term 'extraordinary'

refers not to the uniqueness of a party's circumstances, but rather to the

severity of the obstacle impeding compliance with a limitations period."

*Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017) (internal

quotation marks and citation omitted). "The burden of demonstrating the

appropriateness of equitable tolling . . . lies with the plaintiff." *Boos v.*

*Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). In this district, when a plaintiff

asserts that fraudulent concealment is the basis for equitable tolling, she "must establish three elements, including: (1) wrongful concealment by defendants [of their actions,] (2) which prevented plaintiff's discovery of the nature of the claim within the limitations period, and (3) due diligence in pursuing the discovery of the claim." *Richard v. Leclaire*, 9:15-CV-6, 2017 WL 4349381, at *2 (N.D.N.Y. Sept. 29, 2017) (internal quotation marks and citation omitted). To do so, "a plaintiff must submit non-conclusory evidence of a conspiracy or other fraudulent wrong which precluded his possible discovery of the harms that he suffered." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995) (emphasis omitted).

Here, although Guarnieri's proposed allegation that she did not learn about her son's suicide attempt until February 23, 2015, (Dkt. No. 16, Attach. 1 ¶ 36), may make these § 1983 claims timely (as discussed above), she fails to explain how this supports her attempt to invoke the doctrine of fraudulent concealment. To be sure, the document that Guarnieri attaches in support of this allegation cuts against her argument by highlighting the Herkimer County Sheriff's Office's diligent efforts to contact White's next of kin after his attempted suicide. (Dkt. No. 16,

Attach. 2 at 28.[3])  Next, Guarnieri improperly relies on the following

proposed amendment in support of her argument: "Herkimer County made

demonstrably false representations . . . about the circumstances

of . . . White's death, including that there was no video of . . . White that

was preserved by the jail, and that [the] care that had been rendered

to . . . White was excellent."  (*Id.*, Attach. 1 ¶ 37.)  This is insufficient

because it fails to allege that either of the named defendants, as opposed

to Herkimer County in general, tried to conceal their actions.  *See Leclaire*,

2017 WL 4349381, at *2.  Likewise, Guarnieri's proposed amendment that

she "did not learn about the circumstances of her son's death, and the role

of [d]efendants Scudder and Whitmore, until her counsel obtained a copy

of the Commission of Correction's [Final] [R]eport on November 15, 2016,"

(Dkt. No. 16, Attach. 1 ¶ 38; Attach. 2 at 19-26), is insufficient to

demonstrate fraudulent concealment.  That is, no fraudulent concealment

by either Scudder or Whitmore can be inferred from that fact that

Guarnieri's counsel belatedly obtained a copy of a report that provided

additional information about her son's death.  *See Pinaud*, 52 F.3d at 1158

---

[3] Citations to this attachment refer to the CM-ECF generated page number(s).

(finding "[plaintiff] provide[d] no direct or even indirect evidence to indicate that any of the defendants . . . took tangible steps either alone or through a conspiracy to conceal the nature of their activities").

Ultimately, Guarnieri fails to demonstrate that defendants' conduct "prevented [her] discovery of the nature of the claim within the limitations period." *See Leclaire*, 2017 WL 4349381, at *2. As such, Guarnieri fails to demonstrate that this is a "rare and exceptional" case where the court should make an exception to the statute of limitations. *See McGinnis*, 208 F.3d at 17. Therefore, if defendants persuade the court that Guarnieri's claims accrued prior to February 23, 2015, then they should be dismissed.

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 11) is **DENIED WITH LEAVE TO RENEW**; and it is further

**ORDERED** that Guarnieri's motion for leave to file an Amended Complaint (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Guarnieri shall file and serve the original signed amended pleading as set forth in Local Rule 7.1(a)(4); and it is further

**ORDERED** that defendants shall file a responsive pleading or renew their motion to dismiss within the time allotted under the Rules; and it is

further

**ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

March 26, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge